SHAW, Judge.
Robert Hamilton was convicted for the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. The trial court sentenced Hamilton to a base sentence of 10 and one-half years in prison. However, because the offense occurred within a three-mile radius of a school campus, Hamilton’s sentence was enhanced by five years, in accordance with § 13A-12-250, Ala.Code 1975, and an additional five years because the offense also occurred within a three-mile radius of a public-housing facility, in accordance with § 13A-12-270, Ala.Code 1975, so that he was to serve 20 and one-half years in prison. Hamilton, an inmate in the custody of the Department of Corrections (“DOC”) in Elmore County, filed a petition for a writ of habeas corpus, contending that DOC had erroneously denied him good-time earning status. Specifically, he alleged that his 20-year-and-6-month sentence was, in fact, three separate sentences of 10 and one-half years, 5 years, and 5 years, thereby qualifying him for good-time status on each sentence. DOC took the position that Hamilton was serving one sentence of 20 years and 6 months. DOC contended that Hamilton was prohibited from earning good time under § 14-9-41, Ala.Code 1975, arguing that he was serving a single sentence of more than 15 years. The trial court entered an order stating that Hamilton was serving three separate sentences and that Hamilton was entitled to earn good time. DOC has appealed from the trial court’s order granting Hamilton’s habeas corpus petition.
This Court recently addressed this issue in State v. Corley, [Ms. CR-00-1012, December 21, 2001] — So.2d - (Ala.Crim.App.2001). In that case, this Court stated:
“Given that the two 5-year sentence enhancements could not have been imposed absent the initial 10-year base sentence, the circuit court’s conclusion that Corley’s 20-year sentence constituted three separate sentences is unsupported by the plain language of §§ 13A-12-250 and -270 and by prior caselaw. Corley’s 20-year sentence was a single sentence. Therefore, pursuant to the *376 language of § 14-9-41, Corley is prohibited from earning good time.”
— So.2d at -.
Based on this Court’s decision in Corley, the trial court’s order granting Hamilton’s petition for a writ of habeas corpus is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.